UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL D. SMITH,

        Petitioner,

v.

        Case No. 23-cv-267-pp

MILWAUKEE COUNTY JAIL,

        Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On February 27, 2023, the petitioner, who currently is incarcerated at the Milwaukee County Jail and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. On March 23, 2023, the court received from the petitioner the filing fee.

**I.    Background**

    A.    Underlying State Cases

The petitioner references Milwaukee County Case Nos. 2021CF3190 and 2022CF000753. Dkt. No. 1 at 2. The docket for 2021CF3190 shows that on July 30, 2021, the State filed a criminal complaint against the petitioner for second degree sexual assault of a child. See State v. Smith, Milwaukee County Case No. 2021CF3190 (available at https://wcca.wicourts.gov). On February 24, 2022, the court ordered the case dismissed due to the non-appearance of a witness without explanation. Id. The petitioner submitted a letter to the

1

Wisconsin Court of Appeals asking to be released from the Milwaukee County Jail. Dkt. No. 1-1 at 6. That court denied the request on December 19, 2022, explaining that it had no jurisdiction over the matter because there was no pending appeal. Id. Meanwhile, the docket for 2022CF000753 shows that on February 25, 2022, the State filed a criminal complaint against the petitioner for second-degree sexual assault of a child. See State v. Smith, Milwaukee County Case No. 2022CF000753 (available at https://wcca.wicourts.gov). On July 1, 2022, the court held a preliminary hearing at which it denied the petitioner's motion to dismiss, finding probable cause for a trial. Id. The final pre-trial conference is scheduled for May 9, 2023 and the trial for May 15, 2023. Id.

   B.   Federal *Habeas* Petition

The petition asserts four grounds for relief: (1) "untimely preliminary examination," (2) "second preliminary," (3) "personal jurisdiction" and (4) "due process." Dkt. No. 1 at 6-7. As to his first ground, the petitioner alleges that the court held his preliminary hearing almost two months late and that his counsel failed to object. Id. at 6. As for ground two, the petitioner alleges that a second preliminary hearing was held "without new or unused evidence in which to base a second criminal complaint." Id. The petitioner alleges that in the 2021 case that was dismissed, the State had given notice of intent to use DNA at trial; he alleges that the State unlawfully used the same evidence on July 1, 2022 at the second preliminary hearing in the 2022 case. Id. As to personal jurisdiction, the petitioner asserts that the circuit court lost jurisdiction over

2

his case. Id. The petitioner concludes by contending that his due process right "was violated by those chain of events in which should be protected by the United States Constitution." Id. at 7. The petitioner asks the court to release him from the Milwaukee County Jail. Id.

**II. Analysis**

    A.    Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* filed under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent exceptional circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

3

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B. Analysis

The court must dismiss this case. To the extent that the petitioner's claims arise out of his first case—2021CF3190—the state court dismissed that case on February 24, 2022, mooting any claims the petitioner may have had regarding the preliminary hearing, the court's jurisdiction to hear that case and due process. As to the petitioner's other case, 2022CF000753, the state-court criminal proceedings are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

4

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with the ongoing state criminal proceedings. The state-court case is scheduled for trial. Smith, Milwaukee County Case No. 2022CF000753. That means the state criminal proceeding remains ongoing and the petitioner has not alleged the kinds of exceptional circumstances or irreparable damage that would justify federal court intervention. While the petitioner says he needs relief from the court so that he can go "without constently being persued [sic] for the same matter over and over again," dkt. no. 1 at 8, his petition does not establish that the State has engaged in prosecutorial misconduct. The docket indicates that the court dismissed the first case against the petitioner on the State's own motion, after a witness failed to appear. The next day, the State filed a new criminal complaint against the petitioner; the charges in that case are scheduled for trial.

Nor has the petitioner exhausted his claims. "A common-law exhaustion rule applies to § 2241 actions . . . and although the common law allows of exceptions the hurdle is high." Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). "[F]ederal courts . . . may require, as a matter of comity, that [criminal defendants incarcerated by the state awaiting trial] exhaust all avenues of state relief before seeking the writ." United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir. 1971)). A court may excuse a party's failure to exhaust when

> (1) requiring exhaustion of administrative remedies cause prejudice, due to unreasonable delay or an indefinite timeframe for

5

> administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional issues are raised.

Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002)).

The petitioner may have made some steps to exhaust his remedies. The state-court docket shows that he filed a motion to dismiss; while the court cannot tell from the docket, the basis for that motion may have been one or more of the claims the petitioner has raised in his federal *habeas* petition. But the petitioner has not yet given the other courts in the state court system—the Wisconsin Court of Appeals and the Wisconsin Supreme Court—the chance to address his claims. Nor has the petitioner shown that he should be excused from the obligation to exhaust under the Gonzalez factors.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of

appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

## IV. Conclusion

The court **DISMISSES** the petitioner's 28 U.S.C. §2241 petition for writ of *habeas corpus*. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of April, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

7

Case 2:23-cv-00267-PP   Filed 04/28/23   Page 7 of 7   Document 5