UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL D. SMITH,

        Petitioner,

v.

        Case No. 23-cv-267-pp

MILWAUKEE COUNTY JAIL,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION TO REOPEN CASE (DKT. NO. 8)**

On April 28, 2023, the court dismissed the petitioner's petition for a writ of *habeas corpus* under 28 U.S.C. §2241 and declined to issue a certificate of appealability, dkt. no. 5, entering judgment on the same day, dkt. no. 6. On October 28, 2024, the court received from the petitioner a letter motion asking the court to reopen the case. Dkt. No. 8. The court will deny that motion.

**I.    Background**

On February 27, 2023, the court received from the petitioner (who is representing himself) a petition for a writ of *habeas corpus* under 28 U.S.C. §2241 asserting four grounds for relief: (1) "untimely preliminary examination," (2) "second preliminary," (3) "personal jurisdiction" and (4) "due process." Dkt. No. 1 at 6-7. The court dismissed the petition on April 28, 2023, finding that the petitioner had failed to exhaust his state-court remedies. Dkt. No. 5.

Specifically, the court found in its April 28, 2023 order that if the petitioner's *habeas* claims arose out of his first state case (2021CF3190), the

1

state court had dismissed that case in February 2022, which mooted any claims he might have had. Id. at 4. The court found that if the petitioner's claims arose out of his second state case (2022CF753), those proceedings were still ongoing as of the time of the court's order, and thus this federal court was barred by the Younger abstention doctrine from intervening. Id. at 4-5.

In his October 2024 motion, the petitioner confirms that his claims arose out of his second case. He asserts that Milwaukee County Circuit Court Case No. 2022CF753 was resolved on July 26, 2024. Dkt. No. 8 at 1. He concedes that this court told him that he was required to give the state courts a chance to resolve the issues he'd raised in his federal *habeas* petition before coming to federal court; now that the state court has resolved the 2022 criminal case, he asks the court to reopen the federal *habeas* case so that he can "challenge the criminal complaint and move to dismiss the criminal complaint." Id. at 1. He says, "On the said date of the alle[]ged crime, in the criminal complaint, it said I did commit the crime in which I had not been found guilty of in a trial of twelve jur[]ors." Id. He also asserts ineffective assistance of counsel:

> My counsil do not come and see me during the withdrawal of my plea or sentencing. He failed to ask the proper questions that would have gotten my plea withdrawn. He was also very short with me when he did answer my calls and has also hung up the phone on me multiple times. During Sentencing he ask the Judge for a number of years he did not consult with me. He also failed to get me all of my time credit and has also put the wrong case # on the form for my post conviction relief filed with the court which is enclosed.

Id.

The petitioner says that on May 1, 2024, he had a plea withdrawal hearing in state court, that the court gave the state a deadline of May 17, 2024

2

by which to respond and that the state did not do so. Id. at 1-2. He says that he then received another plea withdrawal hearing before another state-court judge, but he was not allowed to withdraw the plea because his lawyer did not ask the proper questions. Id. at 2. The petitioner says that he also was "charged with a differ[en]t crime than the one [he] plead to." Id. He says he was "supposed to be charge[d] with 948.07(5)" but instead was "charged with 948.07(1) which changed the element of the crime and made it sexually motivated," requiring him to register as a sex offender even though his attorney had "put 948.04 on the signed agreement to [e]nsure that the element of the crime would not be mistaken." Id. He asks the court to reopen his §2241 *habeas* petition, review the issues, dismiss his conviction and release him from state prison. Id.

## II. Analysis

### A. Legal Standard

The Federal Rules of Civil Procedure do not provide a procedure for asking a court to reopen a dismissed case. The court construes the petitioner's motion as a request for the court to reconsider its April 2023 dismissal of his petition. There are two rules that govern motions to reconsider. The first is Federal Rule of Civil Procedure 59(e), which governs requests to alter or amend judgments. That rule requires the moving party to file a motion within twenty-eight days after the entry of judgment. The second is Fed. R. Civ. P. 60. That rule allows a court to relieve a party from a final judgment, order or proceeding for the following reasons:

3

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud;
> (4) a void judgment;
> (5) the judgment has been satisfied, released, discharged, vacated or cannot be applied prospectively for equitable reasons; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A rule 60(b) motion must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

B. Discussion

Rule 59(e) does not help the petitioner. The court received his motion to reopen on October 28, 2024—eighteen months after the court issued its April 28, 2023 judgment. That is far past the twenty-eight days allowed by the rule.

It is not clear whether the petitioner timely filed his motion under Fed. R. Civ. P. 60(c)(1). If he is alleging that he should receive relief from the court's judgment due to the first, second or third reason listed in Rule 60(b)—mistake, newly discovered evidence or fraud—he filed his motion too late, because Rule 60(b) motions filed for those reasons must be filed within one year of judgment. The petitioner says, however, that he wants to reopen his federal *habeas* case because his criminal case now is over. That is not one of the specific bases listed in Rule 60(b). But construing the petitioner's motion liberally, the court can consider it as a motion to reconsider for "any other reason that justifies relief" under Rule 60(b)(6) and can conclude that he filed the motion "within a

reasonable time," because he filed it about three months after he was sentenced in his state court case. See State v. Smith, Milwaukee County Circuit Court Case No. 2022CF753 (available at https://wcca.wicourts.gov (showing that on July 26, 2024, the defendant was sentenced in that case)).

But the court cannot reopen the petitioner's *habeas* case. First, the court dismissed the *habeas* petition in April 2023 because the petitioner filed it prematurely. He filed it while the state criminal case was in progress, and the law prohibits federal courts from interfering in ongoing state criminal cases. He needed to wait until after his state criminal case was over to file any type of *habeas* petition.

Second, the petitioner's premature February 2023 federal petition sought relief under 28 U.S.C. §2241. Dkt. No. 1. At that time, the petitioner was a pretrial detainee. Section 2241 is "[t]he appropriate vehicle for a state pre-trial detainee to challenge his detention . . . ." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). But now, because he has been convicted and sentenced, the petitioner is "a person in custody pursuant to the judgment of a State court" who is alleging that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The appropriate vehicle for a convicted person who is in custody under a state-court judgment and who wants to challenge that custody is a petition under 28 U.S.C. §2254. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). It would do the petitioner no good for the court to reopen his §2241 case when §2241 no longer is the applicable statute.

Third, a convicted person seeking to file a §2254 petition must exhaust his state-court remedies (just as a pretrial detainee seeking relief under §2241 must do). It does not appear that the petitioner has done so, because it does not appear that he has given *all* the Wisconsin courts the opportunity to address the issues of which he complains. The state docket does not reflect that the petitioner has sought post-conviction relief or that he appealed his conviction and sentence to the Wisconsin Court of Appeals or the Wisconsin Supreme Court. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner must give both the Wisconsin Court of Appeals and the Wisconsin Supreme Court the opportunity to rule on his issues before coming to federal court. The court hinted about this requirement in its April 2023 order; it said "the petitioner has not yet given the other courts in the state court system—the Wisconsin Court of Appeals and the Wisconsin Supreme Court—the chance to address his claims." Dkt. No. 5 at 6.

Asking the court to reopen his §2241 case is not the proper procedure for the petitioner to follow. Within one year after exhausting his state-court remedies, the petitioner may file a new case, by filing a petition under 28 U.S.C. §2254. (The blank §2254 form is available on the court's website, https://www.wied.uscourts.gov). The court will deny the petitioner's request to reopen this case.

### III. Conclusion

The court **DENIES** the petitioner's motion to reopen his case. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 10th day of July, 2025.

BY THE COURT:

HON. PAMELA PEPPER
**Chief United States District Judge**